# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICKY GIBSON,<br><br>   Plaintiff,<br><br>v.<br><br>CEMEX d/b/a READY MIX, USA,<br><br>   Defendant. | JURY TRIAL DEMANDED |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, RICKY GIBSON ("Plaintiff"), by and through his undersigned counsel, and files this Complaint for Damages against CEMEX d/b/a READY MIX, USA ("Defendant"), and shows the Court as follows:

### I.     NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

1

## II.     ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his charge of discrimination against Defendant. with the EEOC on April 1, 20222; the EEOC issued its Notice of Right to Sue on August 19, 2022.

3.

Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## III.     JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

5.

Defendant's does business within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## IV. PARTIES

6.

Plaintiff is an African American male citizen of the United States of America, and is subject to the jurisdiction of this Court.

7.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant is now and, at all times relevant hereto, has been a domestic for-profit corporation engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process at its corporate office at the following addresses: 3106 Bell Parkway, Woodstock, GA 30188.

## FACTUAL ALLEGATIONS

10.

Plaintiff became employed at Defendant as a Driver on or around December 10, 2018.

11.

In January 2021, Chuck, a Mechanic at Defendant during this time told Plaintiff, "Black lives don't matter." This was during a time of social unrest and racial tension within the United States being heavily televised in the news.

12.

Shortly after, Plaintiff went to his supervisor named, Craig to complain to him about Chuck making the "Black lives don't matter" comment. Craig told Plaintiff he would look into the situation, but nothing came out of it, and Plaintiff never heard anything else.

13.

Meanwhile, Plaintiff was suffering from harassment due to Jerry, a Mechanic who worked at Defendant. Jerry referred to Plaintiff as "Bubba." Plaintiff explained to Jerry that this was a derogatory term, known as another word for nigger and he was offended by being called this.

14.

Jerry responded, "Ok, Bubba" and continued to call Plaintiff this name throughout his employment at Defendant.

15.

In May 2021, Plaintiff reached out to the shop supervisor Shannon, who was the supervisor of Chuck and Jerry at the time to complain about the racist remarks made by Chuck and Jerry.

16.

Just as before, nothing was done. There was no investigation or remedial measures taken to fix the hostile work environment Plaintiff was experiencing.

17.

In or around August 2021, while Plaintiff was walking into work he heard Bill, another employee at Defendant say, "That nigger thinks he's better than everyone." Bill was looking directly at Plaintiff when he made the remark.

18.

Over time, the hostile work environment weighed on Plaintiff so much that he dreaded going into work. Plaintiff's morale was low and he began to suffer from depression and anxiety.

19.

On December 15, 2021, Plaintiff had conversation with supervisor again complaining of the racism he was experiencing and how Defendant did nothing about it. Plaintiff's then supervisor responded, "So you're calling me racist?" "Get off the property, you're terminated, don't come back."

20.

Prior to this termination, Plaintiff had never been written up, nor did he receive any reprimands. Defendant didn't bother to provide him with a termination letter.

21.

Since his termination, Plaintiff has been struggling with anxiety, and currently sees a therapist.

## V.     CLAIMS FOR RELIEF

## COUNT ONE:  RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII

22.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23.

Defendant's actions in subjecting Plaintiff to ongoing race discrimination constitute unlawful discrimination on basis of Plaintiff's race in violation of Title VII.

24.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

25.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his race.

26.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

27.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

28.

Defendant retaliated against Plaintiff when he engaged in the protected activity of complaining about said race discrimination also in violation of this Act.

29.

Defendant terminated Plaintiff for engaging in protected activity in violation of the Act.

30.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation against Plaintiff under the Act.

## COUNT TWO: RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

31.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

32.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race.

33.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

34.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

35.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

36.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

37.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

38.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

39.

Defendant retaliated against Plaintiff when he engaged in the protected activity of complaining about said race discrimination also in violation of this Act.

40.

Defendant terminated Plaintiff for engaging in protected activity in violation of the Act.

41.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation against Plaintiff under the Act.

42.

As a direct, natural, proximate and foreseeable result of Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

44.

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 18th day of October, 2022.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: *jstephens@forthepeople.com*